**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 10a0471n.06**

**No. 09-3476**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Aug 03, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| DRITE CEKAJ, | ) |
| | ) |
| Petitioner, | ) ON PETITION FOR REVIEW OF AN |
| | ) ORDER OF THE BOARD OF |
| v. | ) IMMIGRATION APPEALS |
| | ) |
| ERIC H. HOLDER, JR., Attorney General, | ) |
| | ) |
| Respondent. | ) |

Before: GIBBONS and COOK, Circuit Judges, and VAN TATENHOVE, District Judge.[*]

COOK, Circuit Judge.  Drite Cekaj, a native and citizen of Albania, petitions for review of the Board of Immigration Appeals ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We deny the petition.

I.

Cekaj reported suffering physical abuse at the hands of the former government due to her family's involvement with the Albanian Democratic Party.  The Immigration Judge rejected her

---

[*]The Honorable Gregory Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

asylum claim as untimely. Noting that Cekaj's testimony included internal inconsistencies and conflicted with her application and supporting documents, the IJ found Cekaj's claim of past persecution not credible and denied her requests for withholding of removal and CAT protection. Crediting the Government's evidence of changed country conditions—the Democratic Party took power shortly after Cekaj left Albania, ending the political persecution of its sympathizers in Albania—the IJ held, in the alternative, that conditions in Albania changed such that Cekaj could safely return without a likelihood of persecution or torture.

The BIA affirmed, Cekaj petitioned for review, and we affirm.

II.

A.

"Because the BIA adopted and added to the IJ's decision, we review the opinion of the IJ and the BIA's supplemental comments." *Haider v. Holder*, 595 F.3d 276, 281 (6th Cir. 2010). We "may reverse only if the decision was manifestly contrary to law, that is, if the evidence not only supports a contrary conclusion, but indeed *compels* it." *Id.* (citations and quotation marks omitted).

B.

We first take up Cekaj's challenge to the IJ's untimeliness finding and dispense with it on jurisdictional grounds. This court lacks jurisdiction to review "asylum applications denied for untimeliness . . . when the appeal seeks review of discretionary or factual questions," but can consider "constitutional claims or matters of statutory construction." *Almuhtaseb v. Gonzales*, 453

F.3d 743, 748 (6th Cir. 2006). As Cekaj does not raise any constitutional or statutory issues, we dismiss her asylum claim. Similarly, jurisdictional defects preclude our review of Cekaj's claim for humanitarian asylum under 8 C.F.R. § 208.13(b)(1)(iii)(A). Because Cekaj "failed to raise this issue before the BIA below, we are without jurisdiction to consider [her] petition for review on this ground." *Liti v. Gonzales*, 411 F.3d 631, 641 (6th Cir. 2005).

C.

To qualify for withholding of removal or CAT protection, Cekaj must demonstrate a clear probability of persecution on the basis of a protected category or that it is more likely than not that she would be tortured if removed. *Almuhtaseb*, 453 F.3d at 749–50. Although past persecution establishes a presumption of future persecution, 8 C.F.R. § 1208.16(b)(1), the Government can rebut this by showing "a fundamental change in circumstances such that the applicant's life or freedom would not be threatened." 8 C.F.R. § 1208.16(b)(1)(i)(A).

The record reflects that the Democratic Party came to power in Albania after Cekaj fled the country, making future persecution or torture for former membership in the now-ruling Party unlikely. Moreover, the report on changed country conditions explains that neither the Albanian government nor the major political parties persecute political opponents. The BIA, consistent with this court's prior holdings, upheld the IJ's changed-conditions finding. *See, e.g.*, *Ndrecaj v. Mukasey*, 522 F.3d 667, 676–77 (6th Cir. 2008) ("[C]onditions in Albania are 'fundamentally changed,' and we cannot fault the IJ for reaching the same conclusion." (citation omitted)). Even if we were to credit Cekaj's claim of past persecution, she offered no evidence to counter the

No. 09-3476
*Cekaj v. Holder*

Government's showing of changed conditions that obviate Cekaj's past-persecution concerns. The record does not compel us to reach a conclusion contrary to that reached by the IJ or BIA.

III.

Lacking jurisdiction to review the timeliness finding, we dismiss the asylum claim and deny the remaining withholding of removal and CAT claims on the merits because of changed country conditions.